UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANGIE HORN, individually,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>TERRY ROSSO, individually; DESERT SAND MOTIONS IN LIMINE 1 THROUGH 23 AND ROCK, LLC; DESERT SAND AND ROCK FLATBED SERVICES, LLC; DOES I-X and ROE CORPORATIONS I-X, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 2-13-cv-00117-APG-CWH<br><br>**ORDER DENYING MOTIONS IN LIMINE WITHOUT PREJUDICE**<br><br>(Dkt. ## 31, 32, 33, 34, 35, 36, 37, 38) |

　　　　This is a personal injury case arising out of a vehicle collision between plaintiff Angie Horn and defendant Terry Rosso. With trial looming, Horn filed over 30 of motions in limine. (Dkt. ## 32, 33, 34, 35, 36, 37.) Many of these motions simply ask me to enforce the rules of evidence (*see, e.g.,* Dkt. # 33 at 22 (moving to limit the subject of closing arguments to admitted evidence)), or the rules of professional conduct (*see, e.g., id.* at 21 (moving to prohibit attorney misconduct during closing arguments)). Others make requests without citation to governing authority or sufficient analysis. (*See, e.g., id.* at 23 (asking that I prohibit the defendant from referring to its experts as "independent" examiners)). Although defendants filed far fewer of these motions (Dkt. ## 31, 38), it is likely they could have also narrowed the scope of their motions and arguments significantly by conferring with Horn.

　　　　It is obvious that counsel have not conferred with each other about the upcoming trial presentations. While I appreciate the parties' intent to preview some potentially-problematic evidentiary issues, the way to do that is not by filing motions seeking blanket invocations of rules without any context and without first meeting and conferring. Such motions waste the court's time and the parties' resources.

IT IS THEREFORE ORDERED that plaintiff's motions in limine (Dkt. ## 32, 33, 34, 35, 36, 37) are DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that defendants' motions in limine (Dkt. ## 31, 38) are DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the parties will meet and confer about the substance of these motions in limine. If agreements are reached, the parties may incorporate the agreements into a stipulation and proposed order if they choose. Should the parties not reach an agreement and a motion in limine becomes necessary, the motion must be accompanied by a certificate that counsel actually conferred in good faith to resolve the issue before the motion was filed. The failure to include such a certificate of counsel will result in the denial of the motion. Further, I will enter sanctions for further frivolous motions.

IT IS FURTHER ORDERED that any motions in limine must be filed by April 20, 2015. Responses must be filed by April 21, 2015. Should the parties desire more time than that, they may file a stipulation or motion to vacate the April 27, 2015 trial date and April 22, 2015 calendar call, and I will consider that request.

DATED this 16th day of April, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE